UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:19-cr-608 MTS |
| | ) |
| RASHID BIVENS, JR., | ) |
| | ) |
| Defendants. | ) |

**SENETNCING MEMORANDUM**

COMES NOW Defendant, Rashid Bivens, Jr., by and through counsel, and files the following memorandum for sentencing:

On January 20, 2021, Bivens will plead guilty to counts three and five of a six-count indictment, and this Court will sentence him that same day. To this end, the probation office filed its disclosure copy of Biven's pre-plea presentence investigation report on December 16. The report conforms to the parties' expectations, save for a single factual allegation to which Bivens filed an objection on December 30. Bivens now files this memorandum and, for the reasons below, recommends a sentence of time served with conditions of supervised release to include cognitive behavioral therapy and vocational training.

Bivens qualifies for a two-level safety-valve variance. *See* Presentence Investigation Report at ¶ 97. With this variance, his advisory guidelines range settles at 15 to 21 months. *See id.* With good time credit, a 15-month Bureau of Prisons (BoP) sentence reduces to roughly 12.75 months. And, with just one month of halfway house placement, it reduces to 11.75 months. As of January 20, Bivens will have served 11 months in custody, just three weeks shy of 11.75 months. *See id.* at p. 2. Thus, if sentenced to 15 months imprisonment, BoP will likely release Bivens as soon as he arrives. This outcome will not conserve scarce government resources. Among other things, BoP staff at the

Designation and Sentence Computation Center will have to designate Bivens, a process that typically takes a full month. In addition, correctional officers at the facility to which he's designated will have to process him in and out, and, before they can do so, the United States Marshals Service will have to transport him to the facility to which he's designated. This expenditure of time and energy, at taxpayer expense, will serve no practical purpose and advance no purpose of sentencing any more than will a sentence of time served. It may also keep Bivens in custody longer than similarly situated offenders who do not serve 75 to 80 percent of their sentence in pretrial custody.

     Additional considerations support a sentence of time-served, as well. Bivens' longest prior sentence was five days, *see id.* at ¶ 40, he has no history of violence, and the PSR identifies him as less culpable than his co-defendant, who "arranged [for] and physically conducted the transactions." *Id.* at ¶ 20. What's more, Bivens served the past 11 months in the difficult confines of a local jail, where, in contrast to a prison, there is little to do other than bide time. And, despite a COVID-19 breakout among some 37 inmates at the jail, he never sought bail — as did many pretrial detainees with more serious allegations, but no particularly good grounds to justify their release.

     More personal considerations support a time-served sentence, too. Bivens was primarily raised by his mother. *See id.* at ¶ 52. As a child and in his adolescence, his father was in and out of jail and, when he was around, he functioned as a less than positive role model. *See id.* He did not expose Bivens to literature, museums, or the value of an education, but to drug abuse, domestic violence, and indifference. *See id.* Not surprisingly, Bivens turned to drugs himself and has had no meaningful contact with his father in years. Bivens' early life experiences and decision-making history suggest cognitive behavioral therapy and vocational training will do more for his future than will a quick trip to BoP and back. At 24, Bivens is still young. And, with the right commitment, guidance, and support, he has the intelligence to put his life on the right track.

For the foregoing reasons, Rashid Bivens, Jr., respectfully requests a sentence of time served with conditions of supervised release to include cognitive behavioral therapy and vocational training.

                                                Respectfully submitted,

By:    */s/ Adam D. Fein*

            Adam D. Fein, # 52255 MO
            Attorney for Defendant
            120 S. Central Avenue, Suite 130
            Clayton, Missouri 63105
            (314) 862-4332
            afein@rsflawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Katharine Dolan, Assistant United States Attorney.